```
                  UNITED STATES DISTRICT COURT
                   MIDDLE DISTRICT OF FLORIDA
                       FORT MYERS DIVISION
```

ROBERT PIERRE,

       Plaintiff,

v.                                  Case No:  2:21-cv-453-JES-MRM

KATHLEEN A. SMITH, Public
Defender, AMIRA D. FOX,
State Attorney, ASHLEY
MOODY, Attorney General,
and RON DESANTIS, Governor,

       Defendants.

---

## OPINION AND ORDER

This matter comes before the Court on Plaintiff Robert Pierre's Amended Complaint (Doc. #15). Pierre is a pre-trial detainee facing state criminal charges. The Court granted him leave to proceed in this 42 U.S.C. § 1983 action in forma pauperis. The Court thus screens the Amended Complaint under 28 U.S.C. § 1915(e)(2) to determine whether the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.

According to the Amended Complaint, on April 1, 2021, hackers used malware to compromise client information held by the Public Defender's Office. Pierre sues four public officials over the data breach. In Count 1, Pierre sues Public Defender Kathleen Smith for breach of attorney-client privilege because she did not alert clients of the intrusion promptly enough. He alleges, "A

two-month delay is insufficient in trying to contain the proliferation of data because untold damage could've occurred in that time frame." (Doc. #15 at 6). Count 2 asserts malicious prosecution and abuse of process against State Attorney Amira Fox because the State Attorney's Office sent its case files to the Public Defender's Office after the hack. Pierre claims that "clients had no way to confirm that no data was added, altered, or destroyed during the transfer" and "Brady material is or has the potential to be corrupted." (Id. at 7). In Count 3, Pierre sues Attorney General Ashley Moody for gross negligence in hiring the employees who failed to secure the compromised data. And in Count 4, Pierre sues Governor Ron DeSantis for "dereliction of duty" for not "stepping in during the malware intrusion." (Id.)

In his prayer for relief, Pierre seeks $5 million in punitive damages, lifetime credit and identity protection, a state-funded change of social security number and "refurbished credit profile," counseling and psychiatric treatment, protection against forged fingerprints or synthesized DNA, and formal apologies. (Id. at 8).

The Amended Complaint fails on multiple levels, the most essential being standing. "Standing is a threshold jurisdictional question which must be addressed prior to and independent of the merits of a party's claims." Bochese v. Town of Ponce Inlet, 405 F.3d 964, 974 (11th Cir. 2005). As the party invoking federal jurisdiction, Pierre bears the burden of establishing standing.

See Amnesty Int'l, USA v. Battle, 559 F.3d 1170, 1177 (11th Cir. 2009). Pierre must show (1) a concrete, particularized, and actual or imminent injury in fact, (2) a causal connection between the injury and Defendants' conduct, and (3) redressability. Id.

At the pleading stage, general factual allegations may suffice. Id. Even so, Pierre fails to establish standing. The Amended Complaint merely alleges the possibility of injury. Pierre does not identify any of his own private information compromised by the data breach. And his allegations of injury are vague and speculative—he merely states what could happen and asserts the potential for harm. Pierre does not allege that he suffered any injury in fact due to Defendants' conduct. Thus, he does not have standing to bring this action, and the Court lacks jurisdiction over it.

Pierre's lack of standing alone necessitates dismissal of this action, but the Amended Complaint suffers from other fatal deficiencies. Pierre does not plausibly allege any violation of the United States Constitution or federal law. He thus fails to establish subject-matter jurisdiction under 28 U.S.C. § 1331 and fails to state a claim under 42 U.S.C. § 1983. What is more, Defendants are immune from this suit. Punitive damages are not available in official capacity § 1983 suits against government officials. City of Newport v. Fact Concerts, Inc., 453 U.S. 247, 271 (1981); Colvin v. McDougall, 62 F.3d 1316, 1319 (11th Cir. 1995). And Eleventh Amendment sovereign immunity bars this suit

in its entirety. See Attwood v. Clemons, 818 F. App'x 863, 866 (11th Cir. 2020) (the Eleventh Amendment "bars a citizen from suing his state…unless the state waives its sovereign immunity"); see also Penhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 101 (1984) ("a suit against state officials that is in fact a suit against a State is barred regardless of whether it seeks damages or injunctive relief").

In sum, Pierre lacks standing to pursue this action, he fails to establish subject matter jurisdiction and to state a § 1983 claim, and Defendants are immune from his claims.  Pierre has already amended his pleading once, and the Court finds that further amendment would be futile.

Accordingly, it is hereby

**ORDERED**:

Robert Pierre's Amended Complaint (Doc. #15) is **DISMISSED**. The Clerk is **DIRECTED** to enter judgment, terminate all pending motions and deadlines, and close this case.

**DONE and ORDERED** at Fort Myers, Florida, this ___21st___ day of July 2021.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record